CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 10 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DENISE FITZGERALD, | Civil Action No. 5:10CV00125 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Honorable Glen E. Conrad Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Denise J. Fitzgerald, was born on August 6, 1965, and eventually completed her high school education. Mrs. Fitzgerald has also received training as a certified nursing assistant. Plaintiff has worked as a nursing assistant, cook, deli worker, egg gatherer, and motel maid. She last worked on a sustained basis in 2001. On January 24, 2008, Mrs. Fitzgerald filed applications for

disability insurance benefits and supplemental security income benefits. Apparently, an earlier application for social security benefits had proven unsuccessful. In filing her current claims, plaintiff alleged that she became disabled for all forms of substantial gainful employment on July 19, 2005, due to a slipped disc, musculoskeletal pain, deteriorating knee, carpal tunnel syndrome, migraines, and depression. She now maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that Mrs. Fitzgerald met the insured status requirements of the Act through the second quarter of 2009, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Accordingly, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2009. See gen., 42 U.S.C. § 423(a).

Mrs. Fitzgerald's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 8, 2009, the Law Judge also determined that Mrs. Fitzgerald is not disabled. The Law Judge found that plaintiff suffers from severe impairments based on degenerative disc and joint disease of the spine, osteoarthritis of the knees, and obesity. Despite these problems, the Law Judge ruled that Mrs. Fitzgerald remains capable of performing several of her prior, light exertional work roles, including deli worker, egg gatherer, and motel maid. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Fitzgerald has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. A survey of plaintiff's medical history reveals that she has suffered from a myriad of physical and emotional problems. Over the years, Mrs. Fitzgerald has been treated for migraine headaches, bilateral knee problems, obesity, back pain, myofascial syndrome, mild to moderate bilateral carpal tunnel syndrome, diverticular symptoms, depression, and anxiety. She has undergone surgery for removal of her gall bladder. She has also undergone carpal tunnel release surgery. However, the medical record suggests that many of plaintiff's conditions and symptoms have been transitory. The court believes that the Administrative Law Judge properly determined that Mrs. Fitzgerald's severe impairments consist of degenerative disc and joint disease of the spine, osteoarthritis, and obesity. Medical studies have revealed degenerative changes throughout the spine and in both knees. Mrs. Fitzgerald has been diagnosed as experiencing grade two spondylolisthesis at L4-5, broad-based disc protrusion, spinal stenosis, and sciatica. The physical discomfort associated with her musculoskeletal defects is magnified by her obesity. Mrs. Fitzgerald has sought treatment on multiple occasions, and she has

undergone epidural steroid injections in an attempt to control her back pain. A family doctor filled out a form suggesting that plaintiff is totally disabled. Nevertheless, the court believes that there is substantial evidence to support the Law Judge's determination that plaintiff's physical problems have not reached such a level of severity as to prevent performance of lighter work activities such as she previously performed.

In assessing plaintiff's residual functional capacity, the Administrative Law Judge was able to rely on record reviews completed by two state agency physicians. (TR 261, 299). Furthermore, despite plaintiff's complaints of severe and bitter pain, the doctors who have actively evaluated her condition have prescribed conservative treatment with relatively mild forms of medication. Certain of her doctors have concluded that her problems are not such as to warrant surgical intervention. While a family physician has suggested that Mrs. Fitzgerald is totally disabled, the court believes that the evidence of record is in conflict, and that the Law Judge's assessment finds support not only in the reports of the state agency physicians, but also in the treatment measures recommended by the doctors who have actively attended plaintiff's musculoskeletal difficulties. It follows that the final decision of the Commissioner is supported by substantial evidence. Accordingly, the final decision denying entitlement must be affirmed.

On appeal to this court, plaintiff argues that the Commissioner's treatment of her case is deficient in several respects. As previously noted, Dr. Joseph E. Gardner, a family physician operating out of the Rockingham Free Clinic, completed a medical evaluation for food stamps on July 8, 2008 in which he checked a form stating that Mrs. Fitzgerald is totally disabled. Plaintiff now argues that while the report itself cites no objective findings undergirding Dr. Gardner's opinion, the entire medical record includes multiple objective findings which could be read in

support of a determination of total disability. Plaintiff's attorney has done a remarkable job in combing the record, and in citing to any and all positive findings noted during the treatment of Mrs. Fitzgerald's musculoskeletal problems. However, as noted above, the state agency physicians reviewed most of these same reports and concluded that plaintiff retains residual functional capacity for lighter forms of work activity. Moreover, the court notes that no doctor has diagnosed the existence of any physical condition which is necessarily consistent with the existence of a totally disabling level of pain, as alleged by Mrs. Fitzgerald. In a "pain case" such as this, the claimant bears the burden of showing by objective medical evidence a condition reasonably likely to cause the pain claimed. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006); Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996). Given the relative paucity of opinion evidence in this case, the court is unable to conclude that the Law Judge erred in relying on the opinions of the state agency physicians in determining what level of work a person with plaintiff's particular objective problems could be expected to perform.

Plaintiff also argues that the Administrative Law Judge erred in finding that her depression and anxiety are not severe impairments. It is true that plaintiff has been treated for emotional problems since at least 2000. However, having reviewed the relevant medical reports, the court is unable to conclude that the Law Judge's treatment of these problems was inconsistent with the relevant evidence. While Mrs. Fitzgerald was treated for depression, suicidal ideation, lethargy, occasional panic attacks, and sleep difficulties, among other symptoms, the medical specialists addressing these problems did not consider it necessary to prescribe any rigorous form of psychiatric or psychological intervention. Indeed, her symptoms were treated in a very conservative fashion. The medical record simply fails to document the existence of emotional problems of such severity,

persistence, and intractability as could be expected to limit the work activity for which plaintiff is otherwise physically capable. In such circumstances, the court believes that there is substantial evidence to support the Commissioner's finding that Mrs. Fitzgerald does not suffer from a severe impairment based on anxiety and depression. See gen., 20 C.F.R. §§ 404.1421 and 416.921.

Finally, plaintiff takes issue with the Law Judge's treatment of her credibility as a witness at the administrative hearing. Mrs. Fitzgerald believes that the Law Judge misinterpreted portions of her testimony so as to conclude that she remains capable of performing a variety of daily activities, and that she was noncompliant in terms of her doctor's instructions to lose weight. It is true that the Law Judge did pick and choose snippets of plaintiff's testimony which support the notion that she is not substantially limited. However, as noted above, in terms of the assessment of the credibility of plaintiff's subjective complaints, the court again concludes that there is substantial evidence to support the finding that plaintiff's complaints are not totally consistent with the objective medical evidence, especially the remedial measures adopted by her treating physicians.

In summary, the court believes that all elements of the Commissioner's final decision are supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed. In affirming Commissioner's final decision, the court does not suggest that Mrs. Fitzgerald is free of all pain, weakness, discomfort, and emotional lability. Indeed, the medical record confirms that she suffers from serious musculoskeletal defects which can be expected to result in a significant level of symptomatology. However, it must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra at 594-95. Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for

benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 10th day of June, 2011.

*/s/ Glen Conrad*
Chief United States District Judge